ROBERT G. OTT, Corporation Counsel Milwaukee County
You request my opinion on several questions relating to section61.66, Stats., which authorizes certain villages to establish combined police and fire services.
Section 61.66 states in material part:
 Combined protective services. (1) Notwithstanding s. 61.65 (1)(a), (2)(a) and (3g) (d) 2, any village with a population of less than 20,000 may provide police and fire protection services by any of the following:
 (a) A department which is neither a police department under s. 61.65 (1)(a) nor a fire department under s. 61.65 (2)(a), which was created prior to January 1, 1987, and in which the same person may be required to perform police protection and fire protection duties without being required to perform police protection duties for more than 8 hours in each 24 hours except in emergency situations, as specified under s. 62.13 (7n).
 (b) Persons in a police department or fire department who, alone or in combination with persons designated as police officers or fire fighters, may be required to perform police protection and fire protection duties without being required to perform police protection duties for more than 8 hours in each 24 hours except in emergency situations, as specified under s. 62.13 (7n), if those persons were required to perform those duties prior to January 1, 1987. *Page 186 
 (2) The governing body of a village acting under sub. (1) may designate any person required to perform police protection and fire protection duties under sub. (1) as primarily a police officer or fire fighter for purposes of s. 891.45.
Villages with a population greater than 20,000 and villages not having combined services prior to January 1, 1987, may not have combined police-fire services. Local Union No. 487 v. Eau Claire,147 Wis.2d 519, 433 N.W.2d 578 (1989).
Section 891.45, referred to in section 61.66 (2), states:
 Presumption of employment connected disease. In any proceeding involving the application by a municipal fire fighter or his or her beneficiary for disability or death benefits under s. 66.191, 1981 stats., or s. 40.65 (2) or any pension or retirement system applicable to fire fighters, where at the time of death or filing of application for disability benefits the deceased or disabled fire fighter had served a total of 5 years as a fire fighter and a qualifying medical examination given prior to the time of his or her joining the department showed no evidence of heart or respiratory impairment or disease, and where the disability or death is found to be caused by heart or respiratory impairment or disease, such finding shall be presumptive evidence that such impairment or disease was caused by such employment. In this section, "municipal fire fighter" includes any person designated as primarily a fire fighter under s. 61.66 (2) and any person under s. 61.66 whose duties as a fire fighter during the 5-year qualifying period took up at least two-thirds of his or her working hours.
Your questions relate to section 891.45 coverage for public safety officers of the Department of Public Safety of the Village of Bayside, which department you describe as follows:
 The Department is a public safety department with dual responsibilities of fire fighter and police officer. They are *Page 187 
obligated to respond to all fire calls as well as police calls for service. Additionally, they have enhanced mutual aid which requires them to respond to all Village of Fox Point business district fires and further contractual obligations with the entire North Shore for fire protection.
First you ask:
 Under the current law, are the public safety officers of the Village of Bayside protected and guaranteed the benefits of Sec. 891.45 Wis. Stats.?
It is my opinion that in order for a public safety officer to be eligible for the presumption of section 891.45, he or she must be either "designated as primarily a fire fighter under s. 61.66
(2)" or be one "whose duties as a fire fighter during the 5-year qualifying period took up at least two-thirds of his or her working hours."
Only firefighters are granted the benefit of the section 891.45
presumption. Police officers and public safety officers are not included in that group. However, specific language of section891.45 includes in the firefighter designation public safety officers who are designated by the village as primarily firefighters and public safety officers whose duties as firefighters took up two-thirds of their working hours during a five-year period. Those public safety officers of the Village of Bayside that meet this criteria are included under section891.45.
Next you ask:
 If the public safety officers are not guaranteed such benefits, will those officers employed prior to the enactment of Sec. 61.66 (2) on May 13, 1988 be covered or grandfathered?
The section 891.45 coverage basis is the same, for public safety officers so employed, prior to and after enactment of section 61.66 (2). In either case the officer is a "municipal fire fighter" for section 891.45 purposes if (1) designated "primarily a fire fighter" by the village or (2) his or her duties as a *Page 188 
firefighter during a five-year period took up at least two-thirds of working hours. No additional grandfathering is provided.
We need not consider any question as to potential vested rights prior to enactment of section 61.66. Prior to that time a village lacked the authority to provide police and fire protection by using dual fire-police officers. Local Union No. 487,147 Wis.2d at 530. Pre-61.66 public safety officers were not municipal firefighters under section 891.45.
Finally you ask:
 On what basis can the Village of Bayside make a decision as to the use of Sec. 61.66 (2)? If the Village decides the officers are primarily police officers, can they be required to fight fires when they do not receive the benefits that firefighters receive under Sec. 891.45 Wis. Stats.?
The village has the authority under section 61.66 (2) to designate "any person required to perform police protection and fire protection duties . . . as primarily a police officer or fire fighter for the purposes of s. 891.45." No specific criteria have been established by the Legislature to guide the village in this decision. Section 891.45 does provide a guideline to be used in cases where the village has not designated the individual as a "municipal fire fighter." Any public safety officer, under section 61.66, is eligible for the section 891.45 presumption if his or her "duties as a fire fighter during the 5-year qualifying period took up at least two-thirds of his or her working hours." Finally, whether police officers, who are not eligible for the presumption of section 891.45, can be required to fight fires is a question of policy for determination by the village board.
DJH:WMS *Page 189